IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JEFFERY SCOTT BONNEVILLE, PRO SE, § <br> TDCJ-CID No. 1244488, § <br> Previous TDCJ-CID No. 712525, § <br> Previous TDCJ-CID No. 753537, § <br> Previous TDCJ-CID No. 764323, § <br> Previous TDCJ-CID No. 1026071, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> DAVID BASSE, Unit Health Authority; § <br> KELLE WALLACE, FHA; and § <br> CHARLES R. McDUFFIE, Warden, § <br> § <br> Defendants. § | 2:12-CV-0200 |

**ORDER OF DISMISSAL**

Plaintiff JEFFERY SCOTT BONNEVILLE, while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed *in forma pauperis*.

On September 21, 2012, a Report and Recommendation was issued by the United States Magistrate Judge analyzing plaintiff's complaint and recommending dismissal with prejudice as frivolous and without prejudice for failure to state a claim on which relief can be granted.

Plaintiff filed his Objections on October 5, 2012. On October 10, 2012, plaintiff filed a "Motion to Amend Original Complaint" in which he amends his statement of claim and his request for relief.

Originally, plaintiff claimed he was "being refused medical treatment," was "in severe pain," and that his "medications by Dr. BASSE have been taken away." The medications plaintiff identified were his Ibuprofen for his chronic arthritis and Zantac for his acid reflux. Plaintiff complained of having been charged a $100.00 yearly healthcare fee[1] when he received some dental work a few months before Dr. BASSE discontinued his medications; and his request for relief merely stated he wanted to be paid for the work he had to do in prison.

Now plaintiff admits he actually is still receiving Zantac, although the dosage has been reduced. Further, he is still prescribed 600 mg. Ibuprofen, but he must now pick it up from the pill window, instead of being given a month's supply which he is allowed to "KOP," "Keep On Person." Plaintiff says he feels he can't stand in line for 30-45 minutes at the pill window in order to get his Ibuprofen and that, if count interferes, he could have to wait for two hours. The Court further notes that, in his October 5, 2012 Objections, plaintiff informed the Court he had access to free acetaminophen from the guards, 325 mg. twice a day.

Plaintiff says that, at some point, he went to see defendant Dr. BASSE because his knee was popping and it wouldn't support plaintiff's weight. Plaintiff say she was given 600 mg. Ibuprofen KOP, but was refused a knee brace or a walking aid.

In his Objections, plaintiff states he has fallen several times and put in a sick call on September 13, 2012, for which he saw nurse Wallace. Plaintiff says his blood pressure was over 200 and that he received a pass excusing him from work and was scheduled to see the doctor, but

---

[1]This assessment was made per section 501.063 of the Texas Government Code which requires each inmate, except those confined in halfway houses, to pay a $100.00 yearly healthcare fee which covers all of his inmate-initiated visits to a health care provider until the anniversary date of the assessment of that fee. Tex. Gov't Code § 501.063(a).

2

Dr. BASSE missed the appointment. Plaintiff says he fell again and hurt his side but was refused immediate care at the infirmary and was, instead, rescheduled to see Dr. BASSE.

In his Amended Complaint, at page 4, plaintiff says he went to the infirmary the next day and saw defendant BASSE, but Dr. BASSE did not palpate plaintiff's back or side. Plaintiff says he was unable to do the bending and twisting Dr. BASSE asked him to do and that Dr. BASSE checked plaintiff's knee. Plaintiff says that when he asked for muscle relaxants, he was ordered out of the office.

Plaintiff requests immediate medical care from another physician.

In his Step 2 grievance no. 2012118635 submitted with his complaint, plaintiff states he was given exercises to do for his back pain but that the exercises hurt his hernia so he quit. Plaintiff saw the doctor on November 18, 2011, two months before the assessment of his annual health services fee. His pain medication was apparently discontinued at that time.

Plaintiff renewed his complaint about his back pain. As shown by the response to plaintiff's Step 1 grievance no. 2012118635, he saw the doctor again on March 5, 2012, at which time defendant Dr. BASSE found plaintiff's lumbar x-rays were normal, that he walked upright with a fluid motion, and that he did not meet the level of medical necessity required for treatment. Plaintiff was instructed to continue doing the prescribed exercises. Plaintiff was also informed that, in addition to purchasing non-steroidal anti-inflammatory medication through the commissary, he could obtain non-aspirin pain relievers from the guards at all times.

Even if plaintiff's allegations were sufficient to state a claim of medical negligence, "negligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

3

Plaintiff's new allegations show he has continually been provided Zantac and pain relievers. Moreover, plaintiff does not allege he cannot get the free acetaminophen available from the guards or that he does not have the funds to purchase still more non-steroidal anti-inflammatory medicine from the commissary.

Plaintiff's dissatisfaction with the treatment provided by Dr. BASSE does not support a claim of deliberate indifference to a serious medical need. Plaintiff's pain is treated, as is his acid reflux. Moreover, plaintiff has access to still more pain relievers, both free and for purchase at the commissary. The fact that defendant Dr. BASSE has not authorized the medicine KOP and has not provided plaintiff with a knee brace or muscle relaxants, which plaintiff thinks he needs, does not support a claim of deliberate indifference to a serious medical need. The facts contained in plaintiff's grievances attached to his complaint show plaintiff has not been ignored, but instead has received responsive care by defendant Dr. BASSE. While plaintiff is dissatisfied with defendant Dr. BASSE's determination that his condition requires only daily exercises and the use of commercially-available non-aspirin for pain management, this disagreement over the method of treatment does not elevate his claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). The same holds true for plaintiff's heartburn.

For the reasons set forth above, plaintiff has failed to state a claim of deliberate indifference against defendant Dr. BASSE.

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the objections Motion to Amend Original Complaint filed by the plaintiff.

The Court is of the opinion that the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court, as supplemented herein.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge, as supplemented herein.

IT IS THEREFORE ORDERED that the Civil Rights Complaint by JEFFERY SCOTT BONNEVILLE is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Any pending motions are DENIED.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record. The Clerk shall also mail copies of this order to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____12th_____ day of October, 2012.

_____
MARY LOU ROBINSON
United States District Judge